Michael A. Taibi, Esq. (SBN160041)
Taibi & Associates
750 B Street, Suite 2510
San Diego, California 92101
Telephone: (619) 354-1798
Facsimile: (619) 784-3168
matlaw1@ymail.com

Attorney for Deen Banks

United States District Court, Southern District Of California

| United States of America, | Case No. 3:20-CR-01956-BAS-2 (formerly Case No. 3:20-mj-2105-DEB) |
|---|---|
| Plaintiff, | |
| v. | **Response to the Government's Appeal to Conditions of Release Set by the Magistrate Judge** |
| Deen Banks, | |
| Defendant. | |

## I.
## Statement of the Case

Mr. Banks is a young black man that just turned 18. He graduated high school this past June, and was arrested for this offense days later.

He made his initial appearance before the Magistrate on 6/11/20. The government moved to detain (flight and danger). The Magistrate denied that request and set a $40,000 personal appearance bond secured by one financially responsible, related adult and a $4,000 deposit.

The Defense sent its bond package to the Government on 6/19/20. It included proof the surety owned her $306,000 home. The Government rejected the bond as insufficient. It requested a hearing to examine the surety. That hearing took place on 6/23/20. The Magistrate found the bond was sufficient (pending

verification of the source of funds).[1]

The Magistrate also ordered the "[r]elease stayed until close of business 6/24/20."[2] The Magistrate imposed the stay to permit the Government time to consider whether to appeal the order setting release conditions.

The government appealed the conditions of release set by the Magistrate on 6/24/20. This response follows. Setting aside the impropriety of the government's timing of appealing the bond, *almost two weeks after bond had been set, and after a completed bond package had been submitted, and after the Magistrate Court had inquired into the surety and found her suitable*, the Court should affirm the Magistrate Judge's conditions of release.[3] The Magistrate Court further inquired as to the source of the funds for the $4,000 and Defendant Banks subsequently submitted, with a motion to file under seal, the financial documents and Declaration of Violet Anderson, reflecting that the source of the $4,000 was from Defendant Banks' grandmother, Violet Anderson.

## II.
## Applicable Law

As an initial matter, the stay granted in this case was improperly granted. However, Mr. Banks will first argue that the conditions of release should be affirmed and the submitted bond package approved.

I.   The Conditions of Release should be affirmed.

The government's briefing only goes to one prong of the 3142(g) factors—the weight of the evidence. This factor has repeatedly been held by Courts to be the least important factor. The government also engages in conjecture as to Mr. Bank's

---

[1] The Defense submitted this verification on 6/24/20.
[2] CM/ECF #24
[3] Perhaps the government believed that Mr. Banks would not be able to secure this bond—regardless, the timing is improper.

mother and any gang affiliations. The government at best paints Mr. Bank's mother as a bad mother[4], and at worst, as being aware of the allegations against Mr. Banks. It is clear, Mr. Banks's mother is not facing charges. It is also clear, Mr. Banks is presumed innocent.

Mr. Banks is not a flight nor a danger. Mr. Banks was born in San Diego and has lived here his whole life. He has no place to flee to. He is a recent high school graduate, and much of the government's allegations concern conduct when he was a juvenile. During the current pandemic, and with essentially his grandmother's homestead on the line, he will not flee. Additionally, conditions have been set that take into account any concerns the government has as to any alleged danger. Mr. Banks will be monitored via GPS, will be unable to contact any alleged victims, and his electronics will be under heavy surveillance.

II.     The Court erred in granting the stay.

A.     <u>The stay violates the Bail Reform Act</u>

    1.     **The plain Language of the Bail Reform Act prevents it**

Here, the Magistrate found that Mr. Banks risk of flight and danger did not warrant detention without bail. However, by issuing a stay so the Government could decide whether it will appeal, the Magistrate essentially ordered Mr. Banks detained. That order violates the plain language of the Bail Reform Act ("Act").

---

[4] Ms. Robinson, Defendant Bank's mother, is an advocate for families in public spaces. She volunteered with the San Diego Unified school District in 2009 by starting a PTA and serving as Co-Chair on the Title I Tiger Team ensuring the right to Parent/Family Centers in every school. She served on three School Site Councils throughout the District and was a board member on the District Advisory Council for several years. She also chaired the Mountain View Advisory Council and hopes to continue completion of the Resident Leadership Academy at Mountain View Rec. Teen Center as soon as the City reopens. She sits on the Parks Foundation board and The La Jolla Playhouse Advisory Council as well. Ms. Robinson has been a licensed Cosmetologist for over 25 years and has a 10-year as a Financial Literacy Facilitator with Mind Treasures, is a consultant for Groundwork San Diego-Chollas Creek as their Program Advisor. Ms. Robinson was most recently hired full time to serve as the financial literacy Coach for Teams for Change.

Persons arrested for non-capital federal offenses typically receive bail. *Stack v. Boyle*, 342 U.S. 1, 4 (1951). Doubts about whether bail "should be granted or denied should always be resolved in favor of the defendant." *Herzog v. United States*, 75 S. Ct. 349, 351 (1955). The Bail Reform Act, says that a court "*shall order the pretrial release* of the person on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court … *unless* the judicial officer determines that such release will not reasonably assure the appearance of the person as required…" 18 U.S.C. § 3142(b) (emphasis added).

Here, a Magistrate has already evaluated the § 3142(g) factors and found conditions could be set. According to the Act, Mr. Banks "shall" be released. Instead, he sits detained through October 14, 2020.

   2.   **<u>The time requirements of the Bail Reform Act prevents it</u>**

The stay permits the Government to evade the Act's time requirements. The Act establishes a limited timeframe to resolve the issue of detention. *U.S. v. Montalvo-Murillo*, 495 U.S. 711, 716 (1990). Those limitations "must be followed with care and precision" to vindicate the defendant's "vital liberty interest" in being released.

The Act promises a "prompt" hearing. It permits the Government to ask for a continuance of no more than three days from the date of the defendant's initial appearance (absent 'good cause' for a longer continuance). 18 U.S.C. § 3142(f). After three days, the Government must proceed with a detention hearing or demonstrate good cause for further delay. Relatedly, the Government may *only* seek to reopen the issue of detention if information exists "that was not known to the [Government] at the time of the hearing." *Id.*

Here, the Government did not request additional time. They did not contend the detention hearing should be reopened. They merely expressed their disapproval that bond was set, and the Magistrate extended Mr. Banks' detention accordingly.

|   |   |
|---|---|
| 1 | The following District Court case is instructive: *United States v. Hudspeth*, |
| 2 | 143 F. Supp. 2d 32 (D.D.C. 2001). There, as in this case, the Magistrate held a |
| 3 | detention hearing and set bail conditions. The Government orally request a stay to |
| 4 | seek review in the District Court with original jurisdiction. The stay was granted. |
| 5 | The Government then then orally requested review by the District Court and |
| 6 | put the matter on the District Court's calendar. That procedure, according to |
| 7 | *Hudspeth*, "was not proper." *Id.* at 35. Defense counsel in *Hudspeth* apparently |
| 8 | did not challenge the Magistrate's stay, thus the court's focus was on the |
| 9 | Government's oral request for review. The court's reasoning is nevertheless |
| 10 | instructive and applies with equal force to the issuance of the instant stay. |
| 11 | According to *Hudspeth*, |

> The court appreciates that the requirement for a motion to be filed when the Government seeks review of a Magistrate Judge's release order may mean that an accused will be released pending a resolution of the Government's request for review. Such an outcome does not warrant disregarding the plain requirements of the governing law, however. In this regard, it is useful to consider that it has never been questioned that in order for a defendant to have a District Judge review a Magistrate Judge's pretrial detention order he must file a written motion. Nor has there been any question of the appropriateness of the accused remaining detained until there is a resolution of the defendant's motion. **This court is unaware of any legal principle or logic that accords the Government's position regarding whether a defendant should be released pending trial a standing superior to that of the defendant such that the Government's position, as a matter of course, is effectively adopted—albeit temporarily—even after a judicial officer has ruled otherwise. The illogic of this proposition is further underscored when one considers that it is the Government that carries the burden of showing that an accused should be detained pending trial.** *Id.*

1  The Bail Reform Act's failure to mention any right to a stay is notable. It suggests
2  Congress did not intend that defendants remain detained until their release was
3  subjected to (the possibility of) further review.

4  Congress explicitly grants litigants the right to obtain a stay of certain types
5  of orders. For example, FRAP 23 governs the release or issuance of a stay in cases
6  involving successful habeas litigants. FRCP 62 authorizes stays of certain civil
7  orders. FRAP 8 describes where a motion for a stay must be filed while an appeal
8  is sought. Had Congress intended for an order permitting pretrial bond in a criminal
9  case to be stayed pending further review, it knew how to craft such a rule. Instead,
10 Congress wrote that a defendant "shall" be released absent a particularized findings
11 regarding risk of flight or danger. 18 U.S.C. § 3142(b).

12 Here, Mr. Banks appeared before the Magistrate on 6/11/20 for his "prompt"
13 hearing. The Government could have but did not seek a continuance at that time.
14 They did not request the automatic 3-day continuance, nor a longer continuance
15 with a showing of cause. Instead, they proceeded without objection. And then the
16 Magistrate overruled the Government's request to detain Mr. Banks.

17 Mr. Banks must be permitted to post his bond (once the Magistrate verifies
18 the 10% deposit came from Mr. Banks' grandmother). Mr. Banks must be
19 permitted to leave jail without additional undue delay.

20 **B.    Even if a stay is permissible, it should not have been granted here.**

21 The prosecutor obtained a stay in this case without (1) citing any authority
22 for it; or (2) describing the standard by which the Magistrate should evaluate the
23 request. The Defense is aware of no authority for the issuance of a stay when a
24 Magistrate found insufficient risk of flight/danger to warrant detention. Assuming
25 *arguendo* the issuance of a stay is permitted, the factors typically relied upon by
26 courts to evaluate a stay all weigh in favor of denying it here.

27 Where stays are permitted, courts ordinarily use four factors to evaluate
28 whether one should issue. "[T]he factors regulating the issuance of a stay are

generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (discussing the standard for saying a successful habeas petitioner's release); *see also United States v. Collette*, 892 F. Supp. 232, 233 (D. Alaska 1995) (applying the foregoing considerations to the issuance of a stay pending an appeal). Each of those four factors weighs in favor of denying the requested stay. The Magistrate erred in failing to apply the foregoing factors. The Defense suggests the following analysis would have controlled:

   1.   **The Government has not shown that it is likely to prevail in its motion for review.**

The Government cannot show a strong likelihood of success on the merits. The facts presented strongly favored setting bond conditions. Were it a closer call, the Magistrate could have ordered a much higher bond amount, a different bond type, etc. A reviewing court will apply the same standard the Magistrate applied at the detention hearing here.

   a.   **The evidence weighing in favor of bond is overwhelming.**

Mr. Banks bore the initial burden of providing sound reasons why bond should be set. "The defendant's burden of production is not heavy." *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991). He must only produce "some evidence." *Id.* The "burden of persuasion regarding risk-of-flight …always remains with the government." *Id.* at 1354-55.

At the detention hearing, Mr. Banks demonstrated bond is appropriate. Pretrial services agreed, and so did the Magistrate. Mr. Banks is an 18-year-old high school graduate with no foreign ties. He has overwhelming support from his friends and family.

Mr. Banks was born in San Diego. He grew up here. Before graduating, he played football for his high school. He hopes to play this upcoming fall at college. His mother is a hair stylist. His grandmother – who came all the way to court (during this pandemic) to bear witness for her grandson – own a property *with more than a quarter million dollars in equity.*

Before the detention hearing, Mr. Banks' counsel verified that Mr. Banks' mother and grandmother supported Mr. Banks. They both said they would do their best to assure that Mr. Banks complies with the Magistrate's conditions. They were both were eager to help.

Before the detention hearing, Pretrial services interviewed Mr. Banks and wrote a comprehensive report. That report discussed Mr. Banks purported delinquency. The weight of the evidence, according to PTS, called for setting bond. Just like the Magistrate here, Pretrial could also have recommended detention, or a property bond, or a C/CS bond, but they did not. Nor did this Judge. Yet the Government wants to stay Mr. Banks' release while it decides whether or not to apply the full weight of its office on Mr. Banks by appealing. Meanwhile, Mr. Banks sits in jail.

The Magistrate's imposed heavy conditions of release, including GPS monitoring, computer monitoring, drug testing, and psychological testing. A District Judge is not going to overturn these findings. That more than anything else ought to control the granting of a stay.

Mr. Banks exceeded his burden to produce "some evidence" that he was not a serious flight risk under *Stricklin*. The Magistrate and PTS agreed. No District Judge is going to find otherwise.

      **b.**    **The Magistrate correctly concluded that the Government's proffer did not satisfy its burden of persuasion**

The Government failed to meet its burden of persuasion that no conditions of release could "reasonably assure" Mr. Banks' appearance for future court dates.

18 U.S.C. § 3142(e). They failed their burden of showing that he was a risk of flight/danger. They relied principally upon the weight of the evidence against Mr. Banks, the least significant factor. They all but conceded that Mr. Banks' history and characteristics weighed in favor of bond. The Government's proffer fell short. That should have been fatal to their chances of obtaining a stay on its merits.

  **c.** **The balance of hardships tips decisively in favor of denying the stay**

The government has yet to articulate an irreparable injury that will result from the denial of a stay. Assuming *arguendo* that Mr. Banks failed to appear for court at some undetermined future time, his case is not going anywhere. The Government would almost certainly seek additional sanctions for his conduct. The numerous, heavy conditions of release were also specifically tailored to address any semblance of danger. Those conditions mitigate the risk of injury in this aspect as well. The Defense suggests the far greater danger is this young man contracting Covid-19 because he spent one unnecessary day in custody.

The irreparable injury to Mr. Banks is concrete and ongoing. Each day he is unjustly held in pretrial detention, it becomes more dangerous both physically and health-wise due to potential Covid-19 exposure.

  **d.** **The public interest weighs in favor of denying the stay.**

The Bail Reform Act enshrines the public's interests in this matter. The public, for example, has an interest in seeing that a defendant release status is determined according to 3142(g) factors and not the unchecked weight of the Government.

///
///
///
///

### III.
### Conclusion

The defense has rebutted any presumption of detention, and respectfully asks that the Court affirm the Magistrate's conditions of release.

Respectfully submitted,

Taibi & Associates, APC

Dated: October 12, 2020

Michael A. Taibi, Esq.
Attorneys for Deen Banks
Email: matlaw1@ymail.com