RANDY S. GROSSMAN
Acting United States Attorney
KATHERINE E. A. MCGRATH
Assistant United States Attorney
California Bar No. 287692
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-9054
Email: katherine.mcgrath@usdoj.gov

Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEEN BANKS (2),<br><br>　　　　Defendant. | Case No. 20-CR-1956-BAS<br><br><br>PLEA AGREEMENT |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, Acting United States Attorney, and Katherine E. A. McGrath, Assistant United States Attorney, and Defendant Deen Banks, with the advice and consent of Paul W. Blake, counsel for Defendant, as follows:

I

**THE PLEA**

Defendant agrees to plead guilty to Count One of an Information, which charges Defendant with:

### Count 1

> From on or about April 8, 2020 to on or about April 9, 2020, within the Southern District of California, Defendant, Deen Banks, in and affecting interstate or foreign commerce, did knowingly recruit, entice, harbor, transport, provide, obtain, and maintain by any means a

Def. Initials _DB_

person (MF2), knowing and in reckless disregard of the fact, and having had a reasonable opportunity to observe MF2, that MF2 had not attained the age of 18 years of age and would be caused to engage in a commercial sex act; in violation of Title 18, United States Code, Sections 1591(a).

In exchange, the Government agrees not to seek any other upward adjustments or departures except as provided for in this agreement unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

In addition, Defendant consents to the forfeiture allegations of the Information. Forfeiture is more fully described in the Forfeiture Addendum.

B.    Timeliness/Offer Revocation

The disposition contemplated by this Agreement is conditioned on Defendant entering or tendering his guilty plea to the magistrate court on or before **June 7, 2021**.

## II

### NATURE OF THE OFFENSE

A.    ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty has the following elements:

### Count 2

1.    First, the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained a person to engage in a commercial sex act;

Def. Initials _DB_

2

1   2. Second, the defendant knew or was in reckless disregard of

2     the fact that the person had not attained the age of 18 years

3     and would be caused to engage in a commercial sex act;

4   3. Third, the defendant's acts were in or affecting interstate

5     or foreign commerce.

6          Forfeiture

7  As to the forfeiture, Defendant understands the Government would

8 have to prove by a preponderance of the evidence that the property(ies)

9 it seeks to forfeit are property, real or personal, used or intended

10 to be used to commit or to facilitate the commission of the offense;

11 and/or are property, real or personal, constituting or derived from,

12 any proceeds obtained, directly or indirectly, as a result of the

13 offense.

14  B. ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

15  Defendant has fully discussed the facts of this case with defense

16 counsel. Defendant has committed each element of the crime and admits

17 that there is a factual basis for this guilty plea. The following facts

18 are true and undisputed:

19   1. Defendant, who has known MF2 since middle school, met up with

20     MF2 in January 2020. Defendant took MF2 to a hotel, where he

21     took photographs of her to be used in commercial sex

22     advertisements on megapersonals.com. From January to

23     February 2020, Defendant would communicate with sex buyers,

24     who would come to various hotels in the Southern District of

25     California and engage in commercial sex with MF2. MF2 then

26     gave the proceeds from those commercial sex encounters to

27     Defendant.

28

Def. Initials _DB_

1    2.   On April 6, 2020, Defendant assisted his co-defendant in
2         renting a hotel room at the Best Western in Poway,
3         California, in the Southern District of California.

4    3.   On April 8, 2020, Defendant picked up MF2 in a vehicle.

5    4.   From April 8 to 9, 2020, Defendant posted commercial sex
6         advertisements for MF2 on the website megapersonals.com, with
7         the intent that MF2 would be caused to engage in commercial
8         sex acts in the hotel room in Poway, California. The money
9         that MF2 earned would go to Defendant.

10   5.   Defendant knew that on April 8-9, 2020, MF2 was under 18
11        years of age.

12   6.   Defendant further acknowledges that the following facts are
13        true and undisputed, and may be considered by the Court at
14        the time of sentencing as two or more separate instances of
15        the sexual exploitation of a minor:

16     a. From April 6 to April 9, 2020, two other minor females,
17        both age 16 (MF1 and MF3), were also with Defendant in the
18        hotel room in Poway, California. Defendant knew, or was
19        in reckless disregard of the fact, that both MF1 and MF3
20        were under 18 years of age.

21     b. During that time, both MF1 and MF3 also engaged in
22        commercial sex acts, and provided some of the money earned
23        for those acts to Defendant.

24     c. On April 8, 2020, Defendant assisted in posting a
25        commercial sex advertisement for MF4, age 14, on the
26        website megapersonals.com. He then picked her up and
27        brought her to a hotel room in order to cause her to engage

28

Def. Initials _DB_

1 |       in commercial sex acts. Defendant knew, or was in reckless
2 |       disregard of the fact, that MF4 was under 18 years of age.

### III

### PENALTIES

The crime to which Defendant is pleading guilty carries the following maximum penalties:

A.   A mandatory minimum 10 years in prison and a maximum of life in prison;

B.   a maximum $250,000 fine;

C.   a mandatory special assessment of $100;

D.   an additional mandatory special assessment of $5,000 for violating 18 U.S.C. §1591 made in accordance with 18 U.S.C. § 3014;

E.   a term of supervised release of at least 5 years and up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release;

F.   Mandatory Restitution under 18 U.S.C. § 1593;

G.   Forfeiture of all property real and personal, used or intended to be used to commit or to facilitate the commission of the offense; and any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offense;

H.   Registration as a sex offender under the Sex Offender Registration and Notification Act.**

Def. Initials _DD_

1    Defendant understands that by pleading guilty defendant may become
2  ineligible for certain federal benefits.

3    **Defendant further understands, acknowledges and agrees to the
4  following concerning his sex offender registration: I am required to
5  register and keep my registration current in each of the following
6  jurisdictions: where I reside; where I am an employee; and where I am
7  a student. I understand that the requirements for registration include
8  providing my name, my residence address, and the names and addresses
9  of any places where I am or will be an employee or a student, among
10  other information. I further understand that the requirement to keep
11  the registration current including informing at least one jurisdiction
12  in which I reside, am an employee, or am a student not later than three
13  business days after any change of my name, residence, employment, or
14  student status. I have been advised, and understand, that failure to
15  comply with these obligations subjects me to prosecution for failure
16  to register under federal law, 18 U.S.C. § 2250, which is punishable
17  by fine or imprisonment, or both.

18                                    **IV**
                **DEFENDANT'S WAIVER OF TRIAL RIGHTS AND**
19                 **UNDERSTANDING OF CONSEQUENCES**

20    This guilty plea waives Defendant's right at trial to:

21    A.    Continue to plead not guilty and require the Government to
22          prove the elements of the crime beyond a reasonable doubt;

23    B.    A speedy and public trial by jury;

24    C.    The assistance of counsel at all stages;

25    D.    Confront and cross-examine adverse witnesses;

26    E.    Testify and present evidence and to have witnesses testify
27          on behalf of Defendant; and,

28

Def. Initials _DB_

6

1      F.    Not testify or have any adverse inferences drawn from the

2            failure to testify.

**V**

**DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE**
**PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

5      Any information establishing the factual innocence of Defendant

6   known to the undersigned prosecutor in this case has been turned over

7   to Defendant. The Government will continue to provide such information

8   establishing the factual innocence of Defendant.

9      If this case proceeded to trial, the Government would be required

10   to provide impeachment information for its witnesses. In addition, if

11   Defendant raised an affirmative defense, the Government would be

12   required to provide information in its possession that supports such a

13   defense. By pleading guilty Defendant will not be provided this

14   information, if any, and Defendant waives any right to this

15   information. Defendant will not attempt to withdraw the guilty plea or

16   to file a collateral attack based on the existence of this information.

**VI**

**DEFENDANT'S REPRESENTATION THAT GUILTY**
**PLEA IS KNOWING AND VOLUNTARY**

19      Defendant represents that:

20      A.    Defendant has had a full opportunity to discuss all the facts
             and circumstances of this case with defense counsel and has
21             a clear understanding of the charges and the consequences of
             this plea. By pleading guilty, Defendant may be giving up,
22             and rendered ineligible to receive, valuable government
             benefits and civic rights, such as the right to vote, the
23             right to possess a firearm, the right to hold office, and
             the right to serve on a jury. The conviction in this case
24             may subject Defendant to various collateral consequences,
             including but not limited to revocation of probation, parole,
25             or supervised release in another case; debarment from
             government contracting; and suspension or revocation of a
26             professional license, none of which can serve as grounds to
             withdraw Defendant's guilty plea.

Def. Initials *DB*

7

B.  No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C.  No one has threatened Defendant or Defendant's family to induce this guilty plea.

D.  Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. **Defendant agrees to request that the Court order a presentence report**. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the

Def. Initials  DB

8

1    Government's duty to provide complete and accurate facts to the
2    district court and the U.S. Probation Office.

3                                    IX

4              **SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

5        This plea agreement is made pursuant to Federal Rule of Criminal
6    Procedure 11(c)(1)(B). The sentence is within the sole discretion of
7    the sentencing judge who may impose the maximum sentence provided by
8    statute. It is uncertain at this time what Defendant's sentence will
9    be. The Government has not made and will not make any representation
10   about what sentence Defendant will receive. Any estimate of the
11   probable sentence by defense counsel is not a promise and is not binding
12   on the Court. Any recommendation by the Government at sentencing also
13   is not binding on the Court. If the sentencing judge does not follow
14   any of the parties' sentencing recommendations, Defendant will not
15   withdraw the plea.

16                                    X

17              **PARTIES' SENTENCING RECOMMENDATIONS**

18   A.    SENTENCING GUIDELINE CALCULATIONS

19       Although the Guidelines are only advisory and just one factor the
20   Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence,
21   the parties will jointly recommend the following Base Offense Level,
22   Specific Offense Characteristics, Adjustments, and Departures:

23

24       1.   Base Offense Level [§ 2G1.3(a)(2)]              30
         2.   Use of a computer [§ 2G1.3(b)(3)]              +2
25       3.   Pattern of Activity [§ 4B1.5(b)(1)]            +5
         4.   Acceptance of Responsibility [§ 3E1.1]         -3
26                                                            ──
                                                             34
27   B.    ACCEPTANCE OF RESPONSIBILITY

28

                                    9                    Def. Initials _DB_

1     Despite paragraph A above, the Government need not recommend an
2  adjustment for Acceptance of Responsibility if Defendant engages in
3  conduct inconsistent with acceptance of responsibility including, but
4  not limited to, the following:

5              1.   Fails to truthfully admit a complete factual basis as
6                   stated in the plea at the time the plea is entered, or
7                   falsely denies, or makes a statement inconsistent with,
8                   the factual basis set forth in this agreement;

9              2.   Falsely denies prior criminal conduct or convictions;

10             3.   Is  untruthful  with  the  Government,  the  Court  or
11                  probation officer; or

12             4.   Breaches this plea agreement in any way.

13     C.   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE
14          UNDER 18 U.S.C. § 3553

15     Defendant  may  request  or  recommend  additional  downward
16  adjustments, departures, or variances from the Sentencing Guidelines
17  under 18 U.S.C. § 3553. The Government will oppose any downward
18  adjustments, departures, or variances not set forth in Section X,
19  paragraph A above.

20     D.   NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

21     The parties have **no** agreement as to Defendant's Criminal History
22  Category.

23     E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

24     The facts in the "factual basis" paragraph of this agreement are
25  true and may be considered as "relevant conduct" under USSG § 1B1.3
26  and as the nature and circumstances of the offense under 18 U.S.C.
27  § 3553(a)(1).

28     F.   PARTIES' RECOMMENDATIONS REGARDING CUSTODY

Def. Initials _DB_

1  The Parties agree that the Government will recommend that
2  Defendant be sentenced to 120 months in custody.

3     G.    SPECIAL ASSESSMENT/FINE/RESTITUTION

4           1.    Special Assessment

5  The parties will jointly recommend that Defendant pay a special
6  assessment in the amount of $100.00 per felony count of conviction to
7  be paid forthwith at time of sentencing.

8  In addition, unless the sentencing court finds the Defendant to
9  be indigent, the parties also will jointly recommend that Defendant
10 pay an additional special assessment in the amount of $5,000 per count
11 of qualifying conviction, which shall not be payable until Defendant
12 satisfies all outstanding fines, orders of restitution, and any other
13 obligation in this case related to victim-compensation.  The Special
14 assessments shall be paid through the office of the Clerk of the
15 District Court by bank or cashier's check or money order made payable
16 to the "Clerk, United States District Court."

17          2.    Fine/Restitution

18 The parties will not recommend imposition of a fine due to
19 Defendant's limited financial prospects and because the cost of
20 collection, even taking into account the Inmate Responsibility Program,
21 likely would exceed the amounts that could reasonably be expected to
22 be collected. However, the Government reserved the right to seek
23 restitution on behalf of any victim under 18 U.S.C. § 1593.  Defendant
24 agrees that if restitution is ordered by the Court under 18 U.S.C. §
25 1593, the amount of restitution ordered by the Court shall include
26 Defendant's total offense conduct, and is not limited to the count of
27 conviction. Defendant agrees and understands that any payment schedule
28 imposed by the Court is without prejudice to the United States to take

Def. Initials  $\cancel{D}\cancel{B}$

11

1 | all actions and take all remedies available to it to collect the full
2 | amount of the restitution.

3 |     H.   SUPERVISED RELEASE

4 |     If the Court imposes a term of supervised release, Defendant will
5 | not seek to reduce or terminate early the term of supervised release
6 | until Defendant has served at least 2/3 of the term of supervised
7 | release and has fully paid and satisfied any special assessments, fine,
8 | criminal forfeiture judgment, and restitution judgment.

9 |                                XI

10 |          **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

11 |     Defendant waives (gives up) all rights to appeal and to
12 | collaterally attack every aspect of the conviction and sentence,
13 | including any restitution order. The only exception is Defendant may
14 | collaterally attack the conviction or sentence on the basis that
15 | Defendant received ineffective assistance of counsel. If Defendant
16 | appeals, the Government may support on appeal the sentence or
17 | restitution order actually imposed.

18 |                               XII

19 |              **BREACH OF THE PLEA AGREEMENT**

20 |     Defendant and Defendant's attorney know the terms of this
21 | agreement and shall raise, before the sentencing hearing is complete,
22 | any claim that the Government has not complied with this agreement.
23 | Otherwise, such claims shall be deemed waived (that is, deliberately
24 | not raised despite awareness that the claim could be raised), cannot
25 | later be made to any court, and if later made to a court, shall
26 | constitute a breach of this agreement.

27 |     Defendant acknowledges, understands and agrees that if Defendant
28 | violates or fails to perform any of Defendant's obligations under this

Def. Initials

agreement, such violation or failure to perform may constitute a material breach of this agreement. The following are non-exhaustive examples of acts constituting a breach:

1. Failing to plead guilty pursuant to this agreement;

2. Failing to fully accept responsibility as established in Section X, paragraph B, above;

3. Failing to appear in court;

4. Attempting to withdraw the plea;

5. Failing to abide by any court order related to this case;

6. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

7. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Def. Initials _DB_

1        Additionally, if Defendant breaches this plea agreement: (i) any
2    statements made by Defendant, under oath, at the guilty plea hearing
3    (before either a Magistrate Judge or a District Judge); (ii) the factual
4    basis statement in Section II.B in this agreement; and (iii) any
5    evidence derived from such statements, are admissible against Defendant
6    in any prosecution of, or any action against, Defendant. This includes
7    the prosecution of the charge(s) that is the subject of this plea
8    agreement or any charge(s) that the prosecution agreed to dismiss or
9    not file as part of this agreement, but later pursues because of a
10   breach by the Defendant. Additionally, Defendant knowingly,
11   voluntarily, and intelligently waives any argument that the statements
12   and any evidence derived from the statements should be suppressed,
13   cannot be used by the Government, or are inadmissible under the United
14   States Constitution, any statute, Rule 410 of the Federal Rules of
15   Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and
16   any other federal rule.

17   **XIII**

18   **CONTENTS AND MODIFICATION OF AGREEMENT**

19       This plea agreement embodies the entire agreement between the
20   parties and supersedes any other agreement, written or oral. No
21   modification of this plea agreement shall be effective unless in
22   writing signed by all parties.

23   **XIV**

24   **DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

25       By signing this agreement, Defendant certifies that Defendant has
26   read it (or that it has been read to Defendant in Defendant's native
27   language). Defendant has discussed the terms of this agreement with
28   defense counsel and fully understands its meaning and effect.

Def. Initials

14

1                                    XV

2                    **DEFENDANT SATISFIED WITH COUNSEL**

3        Defendant  has  consulted  with  counsel  and  is  satisfied  with

4   counsel's representation. This is Defendant's independent opinion, and

5   Defendant's counsel did not advise Defendant about what to say in this

6   regard.

                                    RANDY S. GROSSMAN
7                                   Acting United States Attorney

8
    5-20-2021                        _____
9   DATED                            KATHERINE E. A. MCGRATH
                                     Assistant U.S. Attorney
10
    5/19/21                          _____
11  _____                     Paul W. Blake
12  DATED                            Defense Counsel

13  IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER
    PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE
14  ARE TRUE.

15  5/9/21                           _____
16  DATED                            DEEN BANKS
                                     Defendant
17

18
    Approved By:
19
    _____ for
20  TIMOTHY D. COUGHLIN
21  Assistant U.S. Attorney

22

23

24

25

26

27

28

                                    Def. Initials _____
                          15