RANDY S. GROSSMAN
Acting United States Attorney
Katherine E. A. McGrath
Assistant United States Attorney
California Bar No. 287692
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-9054
Email: Katherine.mcgrath@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEEN BANKS<br><br>Defendant. | Case No. 20-CR-1956-BAS<br><br>**SENTENCING MEMORANDUM OF THE UNITED STATES**<br><br>The Honorable Cynthia A. Bashant |

The United States of America respectfully submits this memorandum setting forth its sentencing recommendation for Defendant. The United States recommends that this Court sentence Defendant to 120 months in custody, to be followed by ten years of supervised release, and that Defendant pay a $100 special assessment.

## DISCUSSION

**A. Background**

On June 2, 2021, Defendant pled guilty to Sex Trafficking of a Minor, in violation of 18 U.S.C. § 1591. The Presentence Report carefully summarizes the facts surrounding Defendant's arrest; this memorandum reviews that information for the purpose of supporting the United States' recommendation of 120 months in custody.

In January 2020, Defendant began acting as MF2's "pimp," posting commercial sex advertisements for her online and setting up dates with "johns," or sex buyers. MF2 was required to give all the money she earned to Defendant. In April 2020, MF2 again

connected with Defendant and his co-defendant, after being away from them for approximately one month. On April 9, 2020, she called her mother and told her that she was fearful that Defendants were going to again force her into prostitution. She asked her mother to pick her up, because she felt that her safety was in jeopardy. Agents observed both Defendants, with MF2 and two other minor females, at a hotel in Escondido, California on April 9, 2020. Subsequent investigation confirmed that on that date, MF2 was to be caused to engage in commercial sex at the behest of Defendant—agents located additional commercial sex advertisements for MF2 as well as text messages setting up commercial sex encounters.

But MF2 was not Defendant's only victim. Two other teenage girls, MF1 and MF3 (both age 16) were also with Defendant and his co-defendant when they were encountered at the hotel on April 9, 2020. In the time that the group was at the hotel together, both MF1 and MF3 engaged in commercial sex acts, and provided some of the money that they earned to the Defendant. Moreover, an additional victim, MF4 (age 14), was identified through a review of the cell phones in this case. It was determined that MF4 was picked up the night of April 8, 2020 by Defendant and his co-defendant, who posted commercial sex advertisements for her online, and brought her to the same hotel to engage in commercial sex acts, along with the other three minor females.

On June 2, 2021, Defendant pled guilty. He pled guilty to a one-count information charging him with the sex trafficking of a minor in San Diego, which carries a ten-year mandatory minimum sentence. As part of his guilty plea, he admitted his conduct with respect to MF2 (charged in the count), as well as conduct related to MF1, MF3, and MF4.

**B. The Propose Sentence is Appropriate**

The severity of Defendant's conduct cannot be understated. When 18 U.S.C. §1591 was passed as part of the Trafficking Victims Protection Act of 2000 ("TVPA"), Congress referred to human trafficking, "especially of women and children in the sex industry" as "a modern form of slavery." TVPA of 2000, Pub.L No. 106-386, 114 Stat. 1464; *see also* 22 U.S.C. §§7101(b); *United States v. Evans*, 476 F.3d 1176, 1179 (11th Cir. 2007). In

recognition of the severity of such offenses, Congress limited the types of downward departures and adjustments available for defendants convicted of certain sex offenses involving minors. *See e.g.* 18 U.S.C. §3553(b) (limiting the number and types of departures and adjustments for certain sex offenses involving children); U.S.S.G. §5K2.0 (same).

The United States is mindful of much of what Defendant stated in his sentencing memorandum regarding his recent academic achievements, his youth, and his lack of guidance. For those reasons, the United States agreed to recommend a sentence below the sentencing guidelines for his offense. However, the fact remains that his offense preyed upon victims even younger than himself—young women who, while Defendant was finishing high school, were instead spending their time in various hotel rooms throughout San Diego county, having sex with strangers and providing all of the money they earned to Defendant. These victims continue, and will continue, to struggle with the ramifications of what happened to them for a very long time—possibly the rest of their lives. MF2's mother has submitted a statement (to be filed under seal by the United States) and wishes to be heard at sentencing to discuss the impact that Defendant's actions have had on both her daughter and on her.

Ultimately, a sentence of 10 years is a significant deprivation of liberty and, the United States believes, an appropriate sanction for such a severe crime. Considering the factors set forth in 18 U.S.C. § 3553(a), including the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence to criminal conduct, and the protect the public from further crimes of the defendant, the United States believes that a sentence of 120 months is sufficient but not greater than necessary. However, the United States believes that a significant term of supervised release, for a period of ten years, should follow Defendant's custodial sentence, to ensure that he does not harm anyone in a similar way following his release.

**C. Restitution and Forfeiture**

At this point, the United States has received no specific requests for restitution. However, the mother of MF2 was reimbursed for some of her out of pocket expenses

related to MF2 by the California Victims Compensation Program (CALVCP); the United States is in the process of assessing whether it might be appropriate for the Court to order that Defendants pay restitution to CALVCP. In addition, co-defendant is set for sentencing in December 2021. The United States requests, pursuant to 18 U.S.C. § 3664(d)(5), that the Court set a date for the final determination of the victims' losses approximately 90 days following the date set for sentencing, which will enable the United States to make a final assessment regarding victims' losses, confirm whether restitution is appropriately ordered to CALVCP, and hopefully reach a resolution among the Defendants as to the amount. As noted above, MF2s mother will be present at the sentencing hearing to make a statement regarding the impact of the offense, pursuant to 18 U.S.C. § 3771.

The plea agreement contained a forfeiture addendum setting forth items to be forfeited by Defendant. The United States asks that the Court orally order forfeiture of the materials at the time of sentencing, and include forfeiture in the final judgment.

## **CONCLUSION**

In light of the foregoing, the Government recommends that this Court sentence Defendant to a term of 120 months, together with 10 years of supervised release, and the $100 special assessment.

DATED: November 1, 2021.  Respectfully Submitted,

RANDY S. GROSSMAN
Acting United States Attorney

*/s/ Katherine E. A. McGrath*
Katherine E. A. McGrath
Assistant United States Attorney