**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,
Plaintiff,
v.
DEEN BANKS,
Defendant.

Case No. 20-cr-01956-BAS-2

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE (ECF No. 153)**

## I. INTRODUCTION

Defendant Deen Banks moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)—compassionate release— claiming that: (1) his young age and lack of brain development was not adequately considered at the time of sentencing, (2) his codefendant who was older and had a longer criminal history received a lesser sentence, and (3) he could help his family provide caregiving to his ailing grandmother if released. (ECF No. 153.) The Government opposes (ECF No. 160), and Defendant replies (ECF No. 161).

The Court agrees with the Government that Defendant fails to demonstrate that either extraordinary and compelling reasons warrant release or that the Section 3553(a) factors militate in favor of release. Hence, the Court **DENIES** Defendant's Motion to Reduce his Sentence pursuant to 18 U.S.C. § 3582(c). (ECF No. 153.)

## II. BACKGROUND

Defendant pled guilty to sex trafficking children, an offense with a ten-year mandatory minimum sentence. (ECF Nos. 99, 101, 104.) He was 19 years old at the time. (Presentence Report ("PSR"), ECF No. 105.) He assisted at least two minor females in posting advertisements for commercial sex acts. (*Id.* ¶¶ 13–42.) The minor females would then give the money they earned to Mr. Banks. (*Id.*) Mr. Banks was previously charged with carjacking and robbery, with a juvenile true finding for robbery. (*Id.* ¶ 67.)

Despite reporting a history of sexual abuse at age six and his father's absence for most of his life, Mr. Banks described his childhood as "pretty good." The Probation Officer calculated Mr. Banks's sentencing guideline range to be 188–235 months and recommended Mr. Banks be sentenced to 188 months in custody. (PSR ¶¶ 145–146.) The Court, taking into consideration Mr. Banks's youth and family background, sentenced Mr. Banks to 120 months, or the mandatory minimum sentence. (ECF No. 127.) The Court sentenced Mr. Banks's codefendant, who had other equities at the time of his sentencing not applicable to Mr. Banks, to 90 months in custody. (ECF Nos. 137, 140, 144.)

Defendant claims he requested compassionate release from the warden of his facility. (Mot. Ex. A, ECF No. 153.) However, he attaches only an unsigned, undated form, and the Government states that the request was not received by the Warden. (ECF No. 160.)

The Court referred Mr. Banks's request for compassionate release to Federal Defenders for possible appointment of counsel. (ECF No. 154.) Federal Defenders filed a response concluding "the Court can decide [the motion] on the existing record without further assistance of counsel." (ECF No. 158.)

## III. ANALYSIS

### A. Exhaustion of Administrative Remedies

Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, modify or reduce a defendant's term of imprisonment, but only after he has exhausted his administrative remedies. "The district court must enforce the administrative exhaustion requirement" when it is properly invoked by the Government. *United States v. Keller*, 2 F.4th 1278, 1280 (9th Cir. 2021).

Section 3582 provides two alternative routes to exhaustion. In the first, a petitioner files a petition with the Warden seeking release, which is denied by the Warden, and the petitioner proceeds to continue to fully exhaust his administrative remedies by appealing this refusal from the Warden. In the second, the Warden takes no action, 30 days elapse, and because of the Warden's failure to act, the petitioner may proceed without fully exhausting his administrative remedies. 18 U.S.C. § 3582(c)(1)(A).

Defendant claims he requested compassionate release from the warden of his facility and that 30 days have elapsed since that request. (Mot. Ex. A.) The Government casts doubt on this claim. (ECF No. 160.) However, the Court will proceed to analyze the motion and assume, without deciding, that Mr. Banks did properly exhaust his administrative remedies.

### B. Extraordinary and Compelling Reasons for Release

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

However, "[i]n enacting § 3582(c)(1)(A), Congress did not authorize district courts to take a second bite at the sentencing apple." *United States v. Bryant*, 144 F.4th 1119, 1126 (9th Cir. 2025). "The focus of compassionate release proceedings is not on what sentence is most appropriate given the defendant's background and crime; it is on whether new circumstances warrant discretionary relief." *Id.* at 1128. As the movant, the defendant

bears the burden to establish that he is eligible for a sentence reduction. *United States v. Holden*, 452 F. Supp. 3d 964, 966 (D. Or. 2020). Because "compassionate release derogates from the principle of finality, it is a narrow remedy . . . and the court's disposition of a compassionate release motion is discretionary, not mandatory." *United States v. Wright*, 46 F.4th 938, 944–45 (9th Cir. 2022).

Now that the Sentencing Commission has regained a quorum, "courts are 'bound by' [U.S.S.G.] § 1 B1.13 in deciding all compassionate release motions under § 3582(c)(2)(A)." *Bryant*, 144 F.4th at 1124. Section 1 B1.13(b) defines "extraordinary and compelling" reasons to include the defendant's serious medical circumstances; his age assuming he is at least 65 years old; his family circumstances, that is, the need for defendant to be the caretaker for an immediate family member "when the defendant would be the only available caregiver for such family member or individual"; abuse that defendant suffered while in custody; or an unusually long sentence when the defendant has served at least ten years in custody. U.S.S.G. § 1B1.13(b)(1)–(4), (6). Finally, the section includes a catch-all section entitled "Other Reasons" when "the defendant presents any other circumstance or combination of circumstances that . . . are similar in gravity" to the reasons cited above. *Id.* § 1B1.13(b)(5).

**1. Defendant's Youth at the Time of the Offense**

Youth at the time of the offense "does not qualify as [an] 'extraordinary and compelling' [reason] under § 1B1.13 of the Sentencing Guidelines." *Bryant*, 144 F.4th at 1123. There are two reasons for this. Section 1B1.13 "address[es] situations where continued incarceration risks a defendant's health or safety." *Id.* at 1126. Youth does not. Second, the subsections in § 1B1.13 "generally refer to circumstances that develop *after* sentencing." *Id.* "The statutory scheme envisions extraordinary and compelling reasons as post-sentencing changes to a defendant's personal circumstances." *Id*. Thus, "a defendant's age at the time of his offense, . . . an immutable fact—one that was known to the sentencing judge and which could be considered from the start in imposing a sentence," is not an "extraordinary" or "compelling" reason for release. To the extent other district court cases

ruled to the contrary, *see, e.g.*, *United States v. Johnson*, No. 05-cr-167-WHA-S, 2021 WL 5037379 (N.D. Cal. Oct. 30, 2021), these cases were decided before the Ninth Circuit ruled definitively in *Bryant* that youth is not an extraordinary or compelling reason under § 3582(c).

Defendant seems to recognize the *Bryant* ruling is to the contrary in his motion, but argues that *Bryant* referred only to youth, and he is claiming that his youthfully undeveloped brain contributed to the offense, a fact that was not “fully developed or expressed by the scientific community” at the time Mr. Banks was sentenced. (ECF No. 153 at 6.) However, Defendant then goes on to cite a Supreme Court case holding that a youthfully undeveloped brain should be considered at the time of sentencing, a case that was decided long before Mr. Banks was sentenced in this case. *See Miller v. Alabama*, 567 U.S. 460 (2012). In fact, arguing that a youthfully undeveloped brain should be considered at sentencing is not a new argument, nor was it new or unknown at the time this Court sentenced Mr. Banks. Mr. Banks is merely attempting to rehash arguments that were taken into consideration by this Court at the time it originally sentenced him. Compassionate release is not an opportunity to rehash sentencing concerns. Mr. Banks’s youth and his undeveloped brain at the time he committed the underlying offense are not extraordinary or compelling reasons justifying compassionate release.

**2. Disparity with Codefendant**

For the same reasons articulated above, disparity of Mr. Banks’s sentence with that of his codefendant Mr. Spurlock is not an extraordinary or compelling reason for release. *See Bryant*, 144 F.4th at 1129 (“[A] sentencing disparity with a codefendant is not ‘similar in gravity’ to the circumstances in subsections (b)(1) through (4), which focus on a defendant’s health and safety or that of an interested third party.”). Disparity between codefendants was a factor considered by the Court at the time Mr. Banks was originally sentenced. There were other equities affecting Mr. Spurlock’s sentence that were not applicable to Mr. Banks. Hence, the Court rejects this argument.

**3. Caretaking Responsibilities for Grandmother**

Defendant argues that he could assist other family members in caring for his ailing grandmother if he were released from custody. (ECF No. 153 at 29.) Specifically, he alleges that "family members try their best to take turns in providing necessary care for" his grandmother who now has limited mobility. *Id.* "If relief is granted, Mr. Banks's mother would make arrangements for him to fill in where family members are having difficulty in meeting . . . time schedules." *Id.* This showing is insufficient under § 1B1.13(b)(3)(D), which requires that the "defendant would be the only available caregiver for such family member." There is no claim that Defendant is the only available caregiver for his grandmother. Therefore, the fact that he could help other family members in caring for her is insufficient to demonstrate extraordinary and compelling reasons for release.

**C. Section 3553 Factors**

Finally, even if this Court were able to find that "extraordinary and compelling" reasons justify release, the Court finds the factors listed in 18 U.S.C. § 3553(a) do not support Defendant's release. Release would not reflect the seriousness of Defendant's offense. Release would not provide just punishment for his offense, nor promote respect for the law. At this point, given Mr. Banks's true finding as a juvenile for robbery, as well as the instant conviction, the Court is concerned about protection of the public from Defendant's future offenses. For all of these reasons, the Court finds, even if Defendant had demonstrated extraordinary and compelling reasons for release, the factors listed under Section 3553(a) do not support release.

## IV. CONCLUSION

For all the reasons stated above, the Court **DENIES** Defendant's Motion for Compassionate Release. (ECF No. 153.)

**IT IS SO ORDERED.**

**DATED: August 12, 2026**

Cynthia Bashant

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**